Motion for Rehearing Denied and Concurring and Dissenting Opinions on
Motion for Rehearing filed April 10, 2003















Motion for
Rehearing Denied and Concurring and Dissenting Opinions on Motion for Rehearing
filed April 10,
 2003.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-97-00153-CV

____________

 

TEXAS A & M UNIVERSITY, Appellant

 

V.

 

PAUL A. BISHOP, Appellee

 

_________________________________________________

 

On Appeal from
the 212th District Court

Galveston County, Texas

Trial Court
Cause No. 94CV0958

 

_________________________________________________

 

C O N C U R R I N G   O P I N I O
N   O N

M O T I O
N   F O R   R E H E A R I N G

 

            As noted in our prior opinion, when
official immunity shields a governmental employee from liability, sovereign
immunity shields the governmental employer from vicarious liability.  Univ. of Houston v. Clark, 38 S.W.3d 578, 580 (Tex.
2000).  A governmental employee is
entitled to official immunity for: (1) the performance of discretionary duties
(2) that are within the scope of the employee’s authority, (3) provided that
the employee acts in good faith.  Telthorster v. Tennell,
92 S.W.3d 457, 461 (Tex. 2002).

            In this case, it is undisputed that
the faculty advisors’ actions (or inactions) were within the scope of their
authority and that they were discretionary to the extent of being
non-ministerial.[1]  Similarly, I do not believe there is a
serious issue as to whether the faculty advisors were acting (or failing to
act) in good faith.[2]  Rather, the difficulty is determining whether
Kassen[3]
applies.

            Ordinarily, if the other two
elements are met, official immunity extends to any action or decision by a
state employee that is discretionary (rather than ministerial).[4]  See Kassen v. Hatley, 887 S.W.2d
4, 9 (Tex.
1994).  However, government-employed
medical personnel are not entitled to immunity for actions based on their
exercise of purely medical discretion unmixed with any governmental discretion
(the “Kassen
exception”).  See id. at 11-12.  Kassen thus held
that a summary judgment and directed verdict were erroneously granted to a
state-employed doctor and nurse, respectively, because they each failed to
establish that the discretion they exercised (in deciding not to admit a mental
patient to their hospital) was at least partly governmental.  See id.
at 7, 11-12.[5]

 class=Section2>

            The State argues that the only type
of state employee to whom the Kassen exception applies is a health care provider.  Because the faculty advisors in this case
were clearly not medical professionals, the State contends that their
undisputedly non-ministerial actions automatically satisfy the discretionary
act element of official immunity.

            Although Kassen was decided with regard to
state health-care employees,[6] the
opinion does not limit its scope to such employees, and its rationale for
drawing a distinction between governmental and non-governmental discretion[7]
could also apply to other areas of state employment, if any, where wholly
non-governmental discretion is exercised. 
Any such ambiguity is further compounded by footnote 8 of Kassen, which
does not appear to contemplate restricting the issue solely to state medical
personnel (and which would not appear relevant or necessary in a purely medical
context):

Official
immunity applies to executive officials and to lower level personnel who
exercise governmental discretion.  See Restatement
of Torts (Second) § 895D cmt. d (1977).  We decline to attempt precisely to define
when a government employee’s acts involve “governmental” discretion, but
recommend that courts consider the following factors:

1. the
nature and importance of the function that the employee is performing,

2. the
extent to which passing judgment on the exercise of discretion by the employee
will amount to passing judgment on the conduct of a coordinate branch of
government or an agency thereof,

3. the
extent to which the imposition of liability would impair the employee’s free
exercise of discretion,

4. the
extent to which financial responsibility will fall on the employee,

5. the
likelihood that harm will result to the public if the employee acts,

6. the
nature and seriousness of the type of harm that may be produced, and

7. the
availability to the injured party of other remedies and forms of relief.  

See id. § 895D cmt.
f.

See Kassen, 887
S.W.2d at 12 n.8.  We thus lack a
sufficient basis to conclude, as the State contends, that the Kassen exception
is necessarily limited to state medical employees.  Conversely, because the State has not chosen
to address, legally or factually, whether the discretion exercised by the
faculty advisors in this case was governmental in nature, we cannot reach that
issue.

 

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Concurring and
Dissenting Opinions on Motion for Rehearing filed April 10, 2003.

Panel
consists of Justices Hudson, Edelman, and Murphy.[8]

 











[1]           As contrasted from a ministerial act,
which requires obedience to orders or the performance of a duty to which the
actor has no choice, a discretionary action involves deliberation, discretion,
decision, or judgment.  City of Lancaster v. Chambers, 883 S.W.2d 650, 654 (Tex.
1994).  The focus is on whether the
function is discretionary, not whether the actor had discretion to act negligently
while discharging that function.  See id. at 653.





[2]           The issue of good faith in this case
is whether any reasonable faculty advisor, under similar circumstances, could
have believed that the faculty advisors’ failure to supervise the play closely
enough to discover and prohibit the use of a real knife was justified based on
the information they possessed when the conduct occurred.  Cf.
Telthorster,
92 S.W.3d at 465.  Because faculty
advisors of reasonable competence could disagree on this issue, the faculty
advisors acted in good faith as a matter of law.  See id.





[3]           See
Kassen v. Hatley, 887
S.W.2d 4 (Tex. 1994).





[4]           Presumably, this is because the
discretion exercised by most state employees is entirely governmental.





[5]           Whether a governmental activity is
discretionary is a legal question.  State Dep’t of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 326 (Tex.
2002).  In Kassen, the defendants failed to
offer either facts or effective legal arguments to establish a governmental
component for their decision.  See Kassen,
887 S.W.2d at 12.





[6]           See
id. at 10-12.





[7]           See
id.





[8]           Senior Chief Justice Paul C. Murphy
sitting by assignment.